TENNANT, WALKER & Co., Appellants, v. W. P. McKEAN, Respondent.

Kansas City Court of Appeals, November 9, 1891.

1. **Partnership**: CREDITOR'S LIEN DERIVED THROUGH PARTNER'S RIGHT. Each partner has a lien on the whole partnership effects and the right during the life of the partnership to have the effects applied to the discharge of partnership debts. This lien the partner can waive and does so by a sale; and there remains nothing through which the creditor can work out his right to a lien, which is wholly derivative by a sort of subrogation from the partner's lien. So where one of two partners sells by consent of his partner to a third person, to whom the remaining partner, in a short time, as contemplated in the making of the first sale, also sold his interest, a creditor of the firm has no lien, and cannot in the absence of fraud follow the goods into the hands of such third party.

2. —— : —— : CUSTODIA LEGIS. The partnership creditor's right is an administrative right, and can only be obtained by laying hold of the property and placing it in *custodia legis* as upon death, assignment, bankruptcy, insolvency or by attachment for fraud.

3. —— : —— : REMEDY. The partnership creditor as such has no more lien on partnership, than the individual creditor has on individual, effects, in case of a "going concern," until he puts his demand in judgment and seizes the property under execution before a *bona fide* disposition is otherwise made.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*A. W. Anthony* and *John A. Gilliam*, for appellants.

(1) A person buying the interest of a partner in a stock of goods becomes a tenant in common with the other partner or partners; becomes entitled to an account, and is entitled only to the aliquot portion of their value after all

debts of the partnership are paid. *Tennant, Walker & Co. v. Guenther & Blackman*, 31 Mo. App. 429 ; *Marx v. Goodnough*, 16 Pac. Rep. 918 ; *Dyckman v. Valiente*, 42 N. Y. 549 ; 1 Story, Eq. Jur. 466 ; *Early v. Friend*, 16 Gratt. 21 ; *Leach v. Beattie*, 33 Vt. 195 ; *Wright v. Wright*, 59 How. Pr. 176 ; *Hodges v. Pingree*, 10 Gray, 15 ; *Goodenow v. Ewer*, 16 Cal. 461 ; *Darden v. Cooper*, 7 Jones ( N. C. ) 210 ; Parsons' Part. 359 ; *Mudd v. Bast*, 34 Mo. 465 ; Story, Part., secs. 3072, 3078 ; *Spaunhorst v. Link*, 46 Mo. 199 ; 2 Lindley, Part. 698 ; Story on Part., secs. 324, 325 ; *Nicoll v. Mumford*, 4 Johns. Ch. 522 *Robbins v. Cooper*, 6 Johns. Ch. 186 ; 2 Lindley, Part. 359, 360 ; *Wilson v. Strobach*, 59 Ala. 488 ; *Daniel v. Owens*, 70 Ala. 297 ; *Weaver v. Ashcroft*, 50 Tex. 428 ; *Atwood v. Meredith*, 37 Miss. 635 ; *Phillips v. Cook*, 24 Wend. 389 ; 1 Am. Lead. Cases, 323 ; *Fox v. Hanbury*, Cowper, 445–449. ( 2 ) Aside from all other views of the case, if this court finds from the evidence of Guenther and McKean an intent to defraud the creditors of Guenther & Blackman it will hold McKean to be a trustee *in invitum* for all the property received by him, for the benefit of Guenther & Blackman's creditors. Pomeroy, Eq. Jur., secs. 1051, 1053, 1047, 1048, 1058, 1044 ; Story's Eq. Jur., secs. 1255, 1262, 1263, 1265 ; *Pennell v. Deffell*, 4 De G. M. & G. 372 ; *Rolfe v. Gregory*, 4 De G. Jones & Smith, 576 ; *Ex parte Cook*, 4 Chan. Div. Rep. 123 ; *Hallett's Estate*, 13 Chan. Div. Rep. 696 ; *Mayor v. Murray*, 7 De G. M. & G. 497 ; *Ernest v. Croysdell*, 2 De G. F. & J. 115 ; *Burnett v. Gustafson*, 54 Iowa, 86 ; *Newton v. Porter*, 69 N. J. 113 ; *Bank v. Pollock*, 4 Edw. Ch. 215 ; *Phelps v. Jackson*, 31 Ark. 272 ; *Hammond v. Pennock*, 61 N. Y. 155 ; *Hendrix v. Nunn*, 46 Tex. 141 ; *Viele v. Blodgett*, 48 Vt. 279 ; *Harrison v. Smith*, 83 Mo. 210. ( 3 ) If there was not fraud in either of the sales, then McKean took only the interest of each individual partner in the stock subject to the payment of the firm debts, and the creditors can work out their equity through the partnership lien of either

Guenther or Blackman.   McKean on his purchase from Guenther took only an undivided and unascertained interest.   *Cox v. Russell*, 44 Iowa, 556 ; *Carter v. Roland*, 53 Tex. 540 ; 1 Lindley on Part., secs. 359, 360, 364, 354. In this state, partnership creditors have an equitable lien upon the partnership assets.   *Shackleford's Adm'r v. Clark*, 78 Mo. 491 ; *Julian v. Wrightsman*, 73 Mo. 569 ; *Bank v. Brenneisen*, 97 Mo. 145.   All partnership claims must be satisfied before any other rights attach to firm assets.   *Phelps v. McNealy*, 66 Mo. 554 ; *Wiles v. Maddox*, 26 Mo. 77 ; *State ex rel. v. Spencer*, 64 Mo. 355 ; Story on Part., sec. 360 ; Pars. on Part. 359, *et seq. ; Flannigan v. Alexander*, 50 Mo. 50.   If buyer has knowledge of misapplication it is a gross fraud on his part.   If he buys without knowledge he gets no title. *Ackley v. Staehlin*, 56 Mo. 561 ; *Tenny v. Johnson*, 43 N. H. 144 ; *Phillips v. Cook*, 24 Wend. 407 ; *Dover v. Stauffer*, 2 Pa. 198 ; *Witter v. Richards*, 10 Conn. 37 ; *Parker v. Pistor*, 3 Bos. & Pul. 288 ; *Brewster v. Hammett*, 4 Conn. 540 ; *McDonald v. Beach*, 2 Blackford ( Ind.) 55.   (4)   This case is properly brought against McKean ; the case is fully made out by the evidence, and the court below should have found for plaintiffs, and this court should mold the proper judgment for the appellants, as all the necessary facts are before it.   2 Lindley on Part., secs. 460, 463 ; *State to use of Wolf v. Berning*, 74 Mo. 87.   Appellate court can render such judgment as ought to have been rendered.   *Darrier v. Darrier*, 58 Mo. 222 ; *Holt v. Simmons*, 16 Mo. App. 97 ; *Lionberger v. Pohlman*, 16 Mo. App. 392 ; *Russell v. Brown*, 21 Mo. App. 51 ; *Forrister v. Scoville*, 51 Mo. 268.   Execution was useless here, and it was unnecessary.   *Turner v. Adams*, 46 Mo. 95.

*B. R. Richardson* and *Draffen & Williams*, for respondent.

(1)  While each member of a partnership has the right in equity to have the partnership assets applied to

the payment of the debts of the firm, yet this right may be waived. Partnership creditors have no specific lien upon the property of their firm. Their rights are derivative through the equities of the partners among them selves, and only continue so long as the right of the partners continues. A *bona-fide* waiver by the partners of their right to have the property so applied cuts off the derivative. equities of the creditors. *Sexton v. Anderson*, 95 Mo. 373-81; *Wilcox v. Kellogg*, 11 Ohio, 394; *Machine Co. v. Bannon*, 4 S. W. Rep. 831; *Case v. Beauregard*, 99 U. S. 119; *Kimball v. Thompson*, 13 Met. 283; *Fitzpatrick v. Flannagan*, 106 U. S. 648; *Miller v. Estill*, 5 Ohio St. 508; *Huiskamp v. Wagon Co.*, 121 U. S. 310; *Hollis v. Slaley*, 27 Am. Rep. 759; 1 Jones on Liens, secs. 788-9. (2) "If a partner, with the consent of the other partner, sells his half of the effects of the firm to a third person without fraud, and the other partner then sells his half to the same person, the latter gets a good title against all the world, and creditors cannot object." *Kimball v. Thompson*, 13 Met. 283; *Case v. Beauregard*, 99 U. S. 119; *Wilcox v. Kellogg*, 11 Ohio, 394; *Miller v. Estill*, 5 Ohio St. 508; *Sigler v. Bank*, 8 Ohio St. 511; *Moore v. Steel*, 3 S. W. Rep. 448; 1 Jones on Liens, secs. 791-2. (3) If, before the interposition of the court is asked, the property has ceased to belong to the partnership, if by a *bona fide* transfer it has become the several property either of one party or of a third person, the equities of the partners are extinguished, and, consequently, the derivative equities of the creditors are at an end. It is, therefore, always essential to any preferential right of the creditors, that there shall be property owned by the partnership, when the claim for preference is sought to be enforced. *Case v. Beauregard*, 99 U. S. 119; *Fitzpatrick v. Flannagan*, 106 U. S. 648; (Law Ed. Book 27, 211-14). (4) Even if there was a lien upon the goods in favor of plaintiffs, and even if defendant bought subject to that lien, still he had sold the goods,

before the institution of this suit, and, according to plaintiffs' theory, must have sold them subject to the lien. The plaintiffs should pursue the property and enforce the lien which they claim to have thereon. Jones on Chattel Mortgages, sec. 464. ( 5 ) There is no question of fraud in this case, *first*, and chiefly, because there is not a particle of evidence showing, or tending to show, any fraud in fact upon the part of the defendant. There is nothing showing that he did not pay full value for the goods, or that he did not act in the utmost good faith in the entire transaction. Fraud must be proved. *Webb v. Darby*, 94 Mo. 621 ; *Crow v. Andrews*, 24 Mo. App. 160. *Second.* The theory of the petition is that the plaintiffs, as creditors of Guenther & Blackman, had a lien upon the goods for the payment of their debt, and that the defendant took them charged with that lien, and the petition seeks to enforce the same. No allegation of fraud is made, or even hinted at, in the petition. A party must abide by his pleadings. A plaintiff cannot recover upon a case not embraced in his petition. *Newham v. Kenton*, 79 Mo. 382 ; *Reed v. Bott*, 100 Mo. 62 ; *Leslie v. Railroad*, 88 Mo. 50 ; *Hammerslough v. Cheatham*, 84 Mo. 13 ; *Erwin v. Chiles*, 28 Mo. 576.

ELLISON, J.—Plaintiffs' petition in this case was filed November 24, 1888, and alleged substantially the following facts : . That the plaintiffs as partners, in August, 1884, sold a bill of boots and shoes, of the value of $551, to Guenther & Blackman ; that the same became due February 1, 1885 ; that Guenther & Blackman were in partnership, engaged in merchandising ; that in November, 1884, Guenther sold his interest in the stock of goods to the defendant, and subsequently, in December, 1884, Blackman also sold his interest in the stock to defendant ; that on the third of August, 1888, plaintiffs obtained judgment against Guenther & Blackman for the amount due on their account ; that, at the time of each

of said sales to McKean, said firm of Guenther & Black-man was largely indebted to various parties and firms for the stock of goods so sold and transferred to defendant, amounting in the aggregate to $3,600, including the amount due the plaintiffs; that Guenther & Blackman are insolvent; that the goods were liable for the debts of said firm of Guenther & Blackman, and that defendant took same subject to the lien of the partnership creditors of such firm; and plaintiffs asked to have an account taken and the plaintiffs' judgment paid out of said goods, or the proceeds of those sold by defendant.

The evidence introduced by plaintiff showed that defendant purchased the goods without any notice that Guenther & Blackman were indebted; that he paid full value; that, when he bought out Guenther, he did so with the full knowledge and consent of Blackman, and with the understanding that he was to take Blackman's half of the goods in a short time, which he did in about two months; that the defendant purchased in 1884; that plaintiffs did not obtain judgments against Guenther & Blackman until August 3, 1888, and that this proceeding was not instituted until November, 1888, four years after defendant's purchase, and tended to show that none of the goods owned by Guenther & Blackman remained in defendant's possession when this action was commenced; but the same had been sold in the usual course of business to customers of defendant's store; that Guenther & Blackman each agreed to the sale to the defendant, and that it was understood between said Guenther & Blackman, when sale was made, that they personally would jointly pay the partnership debts, although defendant did not know of this understanding, or that there were any such debts. The finding was for the defendant, and plaintiffs have appealed.

The judgment was the only one which could have been rendered under the petition and evidence. There

is no charge or proof of fraud, which leaves the case standing squarely on the law as to the rights of partnership creditors as against those who purchased the partnership property.

The petition is based upon the idea that partnership creditors have a lien on the partnership effects. This is an erroneous notion. The creditors have no lien. Each partner has a lien on the whole effects, which he, as such partner, during the life of the partnership, can see is utilized to the payment or discharge of the partnership debts. For he, being liable for the whole debt, is entitled, as a right inherent in the relation he bears to the partnership and the property, to have the effects used for the payment of partnership debts. The right of the creditor is wholly derivative—is derived through the partners. And it is well understood that the partner can waive this right or lien. *Sexton v. Anderson*, 93 Mo. 373 ; *Baker's Appeal*, 21 Pa. St. 76 ; *McNutt v. Strayhorn*, 39 Pa. St. 269 ; *Coover's Appeal*, 29 Pa. St. 9. I apprehend that the lien is primarily for the protection of the partners, and whatever benefit is thereby conferred upon the creditor is by a sort of subrogation. If, therefore, one partner sells his interest to a third person, or the remaining partner, there is no equity attaching to the partnership effects in favor of the partnership creditors. *Ex parte Ruffin*, 6 Ves. 119 ; *Case v. Beauregard*, 99 U. S. 119 ; *Baker's Appeal*, 21 Pa. St. 76 ; *Allen v. Center Valley Co.*, 21 Conn. 130 ; *Fitzpatrick v. Flannagan*, 106 U. S. 648 ; *Huiskamp v. Wagon Co.*, 121 U. S. 310 ; Story on Part., sec. 358. The partner having parted with his own right by the sale, there remains nothing through which the creditor can work out his derivative right.

An application of these principles to plaintiffs' case destroys it. Here, one partner sold his interest to defendant ; shortly afterwards the other partner sold to defendant. This left them without a lien on the partnership effects, and thereby destroyed or canceled the

creditor's rights which depended upon such lien. The fact that the sale was by separate partners at separate times does not affect the result. The second sale was in contemplation by both partners when the first was made. *Kimball v. Thompson*, 13 Metcalf, 283.

II. Another equally well-established principle destroys plaintiffs' case. The partnership creditor's right is an administrative right, and can only be obtained by laying hold of the property—placing it in *custodia legis*, as upon death, assignment, bankruptcy or insolvency. In such case, there being no prior disposition, the partnership creditors are preferred to individual creditors, and they are permitted to obtain, and do obtain, preference by "working it out through the partner's lien." This has been permitted when the court has the property in custody by attachment for fraud. It was done in this state. *Phelps v. McNealy*, 66 Mo. 554. But that the property must be under control of the court follows from the peculiar nature of the creditor's rights, and his relation to the partnership. *Schmidlapp v. Currie*, 55 Miss. 597, and authorities, *supra*.

The partnership creditor, as such, has no more lien on partnership effects than the individual creditor has on individual effects; and a *bona fide* sale of the partnership effects carries the title unaffected by claim of simple contract creditors. If such creditors wish to realize from the effects of a partnership which is a "going concern," they ought to reduce these claims to judgment and seize the property under execution before a *bona fide* disposition is otherwise made.

The judgment is affirmed.    All concur.