·CLARK NORRIS, Respondent, v. O. E. RUMSEY, Defendant; FRED RUMSEY, Interpleader and Appellant.

Kansas City Court of Appeals, May 1, 1893.

.1. **Partnership**: PARTNER'S LIEN: INDIVIDUAL CREDITORS: PRIORITY. A partnership creditor has a right derived through the partner's lien to have his claim paid out of partnership funds, but this right ceases with lien of the partner, as when he sells his interest to his. partner, and a *bona fide* mortgage lien of an individual creditor of the purchasing partner taken after the sale, has the preference over a partnership debt; and the mere fact that the individual creditor knew that there was an agreement that the purchasing partner was to pay the partnership debts, will not of itself postpone his debt to the partnership debt. There must be want of good faith.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

.REVERSED AND REMANDED.

*W. W. Ramsay*, for appellant.

(1) The interest here attached (should we admit :it to have been partnership property) was clearly such

an interest as O. E. Rumsey could convey to an individual creditor. 1 Bates on Partnership, secs. 186, 291; 1 Jones on Mortgages, sec. 120; *Conant v. Fray*, 49 Ind. 530; *Reyburn v. Mitchell*, 16 S. W. Rep. 593. (2) The right of a firm creditor in equity to have the firm property applied in payment of firm debts is derived from similar rights existing in favor of each partner. It can only exist so long as the partnership continues. Creditors of the dissolved partnership cannot have a continuing lien upon property which the partnership once owned. *Huispamp v. Wagon Co.*, 121 U. S. 310; *Purple v. Farrington*, 119 Ind. 164; *Sexton v. Anderson*, 95 Mo. 381; *Reyburn v. Mitchell*, *supra; Tennant, Walker & Co. v. McKean*, 46 Mo. App. 486. Any act which will serve to transfer a chose in action is sufficient between partners to convert partnership property into separate property. 17 American & English Encyclopedia of Law, pp. 974, 975, and cases cited. How can respondent enforce an administrative right in the absence of administration, assignment, bankruptcy, insolvency or attachment for fraud? *Tennant, Walker & Co. v. McKean*, 46 Mo. App. 493.

*Johnston & Wilfley*, for respondent.

(1) It is too well settled in this state, that partnership property is liable to pay partnership debts in preference to the payment of creditors of individual partner, to require argument. *Bank v. Brenneison*, 97 Mo. 145; *Julian v. Wrightsman*, 73 Mo. 569; *Flannighan v. Alexander*, 50 Mo. 50; Parsons on Partnership [1 Ed.] 480, 481. (2) This right of the firm creditors to priority of payment of firm debts out of firm property contiuues after the dissolution of the firm; especially where one of the firm buys out his co-partner and agrees by the terms of such dissolution to pay the firm

debts. *Phelps v. McNeely*, 66 Mo. 554; *Conroy v. Wood*, 13 Cal. 631; *Tenny v. Johnson*, 43 N. H. 144. (3) Each partner has an equity to have the partnership property first applied to the payment of the firm debts, and such equity continues after the dissolution of the partnership in favor of one selling to his co-partner, where the purchasing partner by the terms of the dissolution agrees to pay the firm debts. *Phelps v. McNeely, supra; Caldwell v. Scott*, 54 N. H. 414; *Tenny v. Johnson*, 43 N. H. 144; *Rodgers v. Batchelor*, 12 Pet. U. S. 230; *Conroy v. Woods, supra; Bank v. Brenneison, supra.* (4) It makes no difference in the foregoing rule whether the action of the firm creditor is brought against all the members of the firm or against the individual partner who purchased the partnership property and agreed to pay the firm debts in the contract of dissolution. *Grant v. Holmes*, 75 Mo. 109; *Simpson v. Schulte*, 21 Mo. App. 639.

ELLISON, J.—The partnership of O. E. Rumsey & Co., composed of O. E. Rumsey and one Goodsill, was indebted to plaintiff, the indebtedness being evidenced by a promissory note signed by the firm. Upon this note plaintiff brought suit by attachment against O. E. Rumsey individually and attached (principally) the partnership property. Before the attachment, however, Goodsill sold his interest in the partnership to O. E. Rumsey. O. E. Rumsey thereafter, and also before the attachment, conveyed the property by chattel mortgage to this interpleader to secure an individual debt which he owed him. After the levy of the attachment this interpleader filed his interplea and lost his case in the trial court. He comes here for relief.

The question for decision is, which debt has the preference. Or, in other words, which takes prefer-

ence, the partnership creditors' right claimed by plaintiff, or the mortgage securing the individual debt to interpleader?

That a partnership creditor has a right (sometimes called a *quasi* lien), which he derives through the partner's lien, to have his partnership claim paid out of the partnership funds or property, is well settled. This right of the creditor, arising from or being derived through the partner, ceases with the lien of the partner. The creditor's right is derivative and has no independent or separate existence. If, therefore, one of two partners in good faith sells his interest to his remaining partner, no equity can attach to the partnership effects in favor of the partnership creditor, for the plain reason that the lien is the partner's lien which he may destroy or waive by a *bona fide* sale, and having done so there is nothing left to work the right of the creditor through. These principles are well established by the recent cases in this state. *Reyburn v. Mitchell,* 106 Mo. 365; *Sexton v. Anderson,* 95 Mo. 373; *Tennant, Walker & Co. v. McKean,* 46 Mo. App. 486. There was no fraud found in this case and we must hold, under the foregoing principles of law, that the mortgage securing interpleader's individual debt has the preference over plaintiff's partnership debt.

But it is asserted, and is true, that O. E. Rumsey and Goodsill, the retiring partner, had an agreement between themselves whereby Rumsey was to pay all the partnership debts. But it is not shown or at least was not found that interpleader knew of this, or that if he did know it, that there was not abundant partnership property with which to pay them. But if he had known it, such knowledge, standing alone, would not have affected the matter. *Howe v. Lawrence,* 9 Cush. 553; Story on Partnership, sec. 359. In the case of *Reyburn v. Mitchell, supra,* Robertson and Mitchell were partners.

Robertson sold out to Mitchell with the agreement that he, Mitchell, was to assume partnership debts. Mitchell then conveyed by quitclaim deed to Kilgour his individual creditor; the court held, at page 676, that, if this sale was *bona fide*, Kilgour could not be affected by the claims of partnership creditors, and proceeded to hold under the facts of that case that the transaction between Mitchell and Robertson was not in good faith.

We examined the principle which governs this case in the case of *Tennant, Walker & Co. v. McKean, supra;* and a reconsideration of all the cases cited therein as well as the opinion of McFarlane, J. in *Reyburn v. Mitchell,* satisfies us that the court below has not determined the cause from the standpoint which should govern it, and we will therefore reverse the judgment and remand the cause. All concur.