MILTON O. LESTER ex rel. W. J. WRIGHT, Appellant, v. NATHANIEL S. GIVENS et al., Respondents.

74 395
99 ³598

Kansas City Court of Appeals, April 4, 1898.

1. **Partnership**: LEVY FOR INDIVIDUAL DEBT. A levy for the individual debt of a partner may be rightfully made on his interest in the partnership property and the officer must seize the property, but he may sell only the interest of the partner.

2. ———: ———: REMOVING PROPERTY. In making the levy for the individual debt of one partner, the officer may close the business and remove the portions of the property levied upon, if such action is reasonably prudent.

3. ———: LIEN OF PARTNER AND PARTNERSHIP CREDITORS. A partner has a lien on the partnership property for the payment of partnership debts, and a sale under execution for the individual debt of another partner will be subject to such partner's lien and through it to the priority of partnership creditors, and the officer can not make a division of the partnership effects and sell free from such lien.

4. ———: ———. Whether the officer can deliver possession to the purchaser, *quaere*.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

WM. D. HAMILTON and BOYD DUDLEY for appellant.

(1) It was not necessary in order to make said levy to take relator's goods out of said store, nor did defendants have a right to take them out. And if such taking was willful, that is intentional, or said goods were injured or deteriorated in value, then the defendant in the trespass could not compel him to accept the goods back, even in mitigation of damages. Howell, Jewett & Co. v. Caryl & Co., 50 Mo. App. 440; Ward v. Moffett, 38 Mo. App. 395. (2) Partnership creditors have an exclusive right to be first satisfied out of the partnership assets, and this right is not lost by dissolution of the partnership. Hundly v. Farris, 103 Mo. 78. (3) The partnership debts must be paid before any creditor of any individual member can subject the firm property to the payment of his debt. Priest v. Chouteau, 85 Mo. 398. (4) The constable had no right to close the store and keep it closed three or four days. It was not necessary to close it at all in order to make said levy, and an officer who is careless, negligent or oppressive in making a levy is a trespasser *ab inito*. State ex rel. v. Davitt, 107 Mo. 573.

HICKLIN & HICKLIN and SELBY & GIVENS for respondent.

(1) The interest of Adam Heaston in the property of the partnership of Wright & Heaston was

subject to seizure and sale under execution in the hands of Lester, constable. Wiles v. Maddox, 26 Mo. 77; McCoy v. Hyatt, 80 Mo. 130, 138; Floyd v. Tracy, 53 Mo. App. 178; Coggshall v. Munger, 54 Mo. App. 420. (2) There is no error in lower court's refusal to give declaration of law number 2 asked by appellant for the reason that what it asks is already embraced in declaration number 1, given by the court. Tyler v. Hall, 106 Mo. 313, 323; Diel v. Stegner, 56 Mo. App. 535. (3) The refusal of a proper declaration will not necessarily constitute reversible error where trial is had by court. Cook v. Farrah, 105 Mo. 492, 509; Myers v. Miller, 55 Mo. App. 338, 348; Carpet Co. v. Hatton, 55 Mo. App. 320; Cooper v. Ord, 60 Mo. 420, 431. (4) The court properly refused appellant's declaration of law number 3 for the reason that it was foreign to any issue raised by the pleadings. Fenwick v. Bowling, 50 Mo. App. 516; Sparks v. Dispatch Trans. Co., 104 Mo. 531, 548; Woods v. Campbell, 110 Mo. 572; Matson v. Frazier, 48 Mo. App. 302, 312; Gas Light Co. v. Mercer, 48 Mo. App. 644. (5) The court committed no error in refusing appellant's declaration of law number 4. Miles v. Maddox, 26 Mo. 77; McCoy v. Hyatt, 80 Mo. 138; Stone v. Pennock, 31 Mo. App. 544, 554.

ELLISON, J.—Wright and Heaston, in the lifetime of Wright, were partners in the drug business. Heaston was indebted to defendants in about the sum of $90. They obtained judgment against him and had an execution issued and levied on his interest in the stock of drugs. In making the levy the constable seized the whole stock and kept it for the space of two days when he took and removed therefrom a portion of about $450 in value and released the balance. Wright then made claim to the goods as

STATEMENT.

his, claiming that he had, before the execution, bought out Heaston's interest. Defendants thereupon executed an indemnifying bond and the constable thereafter sold one half the goods as Heaston's interest and offered to return to Wright the other half of them. Wright refused to receive them on the ground that they had been damaged. This action was brought on the bond. The finding and judgment by the court without a jury was for defendants.

The plaintiff asked four declarations of law. The court gave one and refused three. Two of those refused are as follows: "3. The court further declares the law to be that although it believes from the evidence that said Heaston had not sold his interest in said goods to plaintiff, William J. Wright, at the time of the levy of said execution, yet if it further finds from the evidence that said partnership still existed, and that it owed about $1,040 of partnership debts or any other sum, and that at the time of such levy such debts were unsettled and unpaid, then said goods were not subject to such levy and sale for the individual debts of said Heaston and the findings must be for the plaintiff. 4. The court further declares the law to be that although said Heaston was a partner in said store at the time of said levy and owned a part of said goods; yet in making said levy said constable had no right to close up said store or take plaintiff's part of said goods away from the same, and the findings must be for plaintiff for his part of said goods, and whatever damages he has sustained by reason of closing up of said store, and the taking away and keeping of said goods."

The first of these was properly refused. It asserts the proposition that if the partnership was indebted, then the partnership goods were not subject to levy and sale at the suit of an individual creditor. This is not

PARTNERSHIP: levy for individual debt. the law. Miles v. Maddox, 26 Mo. 77; McCoy v. Hyatt, 80 Mo. 138. A levy for the individual debt of one partner may be rightfully made on the indebted partner's interest in the partnership property and such interest being in its nature indivisible, the officer must seize the entire property, or so much of it as will satisfy his writ.

But it is only the indebted partner's interest which is liable to sale, and since the partner's interest in partnership property is primarily liable for partnership debts, a liability which the other partner has a right to see preserved, Goddard v. McCune, 122 Mo. 426; McDonald v. Cash, 57 Mo. App. 536, the interest of the indebted partner is that which may remain after payment of such debts. Therefore, the officer in seizing the property must do his full duty and seize sufficient of it to make the debt on a scale of such interest.

This brings us to the other refused declaration. It was properly refused, since, as we have already said the officer had the right to seize the whole property. But the ——: ——: removing property. declaration asserts the further, erroneous proposition that the officer had no right to remove a portion of the stock (releasing the balance). The officer must necessarily be governed by the situation as he finds it when he proceeds to execute his writ. If he has a writ for an inconsiderable sum he might be guilty of an oppressive levy if he closed a large and solvent concern any longer than would be necessary to take what, in reason, would likely satisfy his writ. In some instances he could doubtless do this without closing the concern, and without materially interfering with the prosecution of the partnership business. But in this case it is conceded that the stock amounted to $1,500, with more than $1,000 of partnership indebtedness. It was not unreasonable, then, for the officer to seize the entire stock

until he could ascertain what there was, in amount and kind which would suffice for his writ. Finding that he could make the claim by taking a portion of the goods, he did so and released the balance. This was exercising a discretion which would naturally redound to the benefit of the other partner and he ought not to complain. It is clear that he had a right to separate and remove from the general stock sufficient to make the amount of his claim, otherwise he would find himself in the situation of not making any levy, or taking and keeping possession of the whole stock and selling the entire interest of the indebted partner, and this too, perhaps, for a trivial sum.

When we state that the officer could remove the portion he levies upon, we assume that he does this for the safety and convenience of preserving his levy and making a sale and in carrying out that cautious discretion which should govern an officer. It is not meant to say that the part removed is lost to the other partner, or to creditors of the partnership. He and they retain their interest in it, and the purchaser merely steps in the shoes of the indebted partner, that is to say such purchaser becomes the owner of an individual portion of the property, all of which is subject to the partnership debts in proper proceedings.

The reason why such property remains subject to partnership debts is that the other partner is not a party to the sale. He has a lien on the goods for the payment of the partnership debts and it is through his lien that the partnership creditor obtains priority. He is individually liable for the whole of the partnership debts and is therefore interested in preserving his right to have the entire partnership effects remain in such condition that they may be properly applied in satisfaction of such debts. McDonald v. Cash, 57 Mo. App. 542.

The right of the partnership creditor is derivative and may be asserted by such creditor when the partnership is in course of administration, as on the death of a partner, or by an assignee on the insolvency of the partnership, or when it is otherwise winding up its affairs. Goddard v. McCune, 122 Mo. 433; McDonald v. Cash, 57 Mo. App. 543; Tennant v. McKean, 46 Mo. App. 486. But since it is a right belonging to the partner not indebted to have the effects applied to partnership debts and he has not waived such right, the sale on execution of the indebted partner's interest in a part or all of the partnership effects will, in the interest of the remaining partner, as before stated, be subject to the partnership debts.

From what has been said it follows that the act of the officer in dividing in half the goods levied upon, selling one half and offering to return the other to the other partner was without authority. He could not make a division of the partnership effects. His seizure and sale would be of the indebted partner's *undivided* interest. Whether he could rightfully deliver over to the purchaser exclusive possession of the goods sold, leaving the other partner and the partnership creditors, if any, to appropriate relief in equity, is not involved in this appeal. Certain it is that it is only an undivided interest which is sold; but it is perhaps true that since to deliver such an interest at all, it would be necessary to place the whole property sold into the manual holding of the purchaser. Phillips v. Cook, 24 Wend. 389. He and the other partner as well as partnership creditors would then fall under the protection and direction of some other form, if they failed in an amicable understanding between themselves. No point was made on this phase of the case for the reason perhaps, that no harm resulted to the other partner merely from such act of the officer.

The issue was made in the trial court that there was a sale made by Heaston, the indebted partner, of his undivided interest to the other partner and that at the time of the levy Heaston had no interest in the stock. This issue was presented to the court by the first instruction for plaintiff, and was given by the court. The court's finding was against such sale and there being evidence sufficient to base such finding upon we will not disturb it. The second declaration offered by plaintiff was fully embodied in the first and hence was properly refused.

There are a number of objections to the judgment below set out under the head of "appellant's assignment of errors." Many of these have not been discussed in this opinion since no point is made on them in a brief or argument. We have gone over fully all points suggested to us by the briefs and argument in support thereof and have not discovered any sufficient reason to authorize us to interfere with the disposition of the case as made by the trial court. The judgment will therefore be affirmed. All concur.