JOHN R. SEVIER, Respondent, v. EDMUND B. ALLEN, Appellant.

### Kansas City Court of Appeals, April 24, 1899.

1. **Fraudulent Conveyances:** PURCHASING CREDITOR: PARTNER-SHIP: INDIVIDUAL DEBTS.  A creditor acting in good faith may lawfully purchase at fair price the stock of a partnership known to be insolvent and may deal with the partnership or the individual members surrendering their separate notes in payment.

2. ———: VOLUNTARY AS TO ONE MEMBER OF A PARTNERSHIP.  A partnership may lawfully pay the individual debt of one of its partners and may transfer the partnership property for that purpose and such conveyance will not be voluntary.

3. **Appellate Practice:** EVIDENCE: STENOGRAPHER'S NOTES OF ABSENT WITNESS' TESTIMONY.  A stenographer's notes of the testimony of an absent witness given at a former trial can not be read in evidence, and in this case the appellate court will not review the question, since the alleged evidence is not properly set out in the abstract.

4. **Fraudulent Conveyances:** RELEASE OF MORTGAGE:  FALSE CREDIT: JURY FINDING.  The question whether the release of a certain mortgage was made to give the mortgagors a false credit was properly submitted to the jury and their verdict is conclusive.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

E. R. STEPHENS and WORK & LEWIS for appellant.

(1)   The testimony of witnesses Corthon and Richie, as contained in the notes of the official court reporter, should

have been admitted and read in evidence to the jury.    1 Greenleaf on Ev., sec. 163; 2 Burr W. Jones on Ev., secs. 344, 345; 1 Wharton on Ev., sec. 178; 7 Am. and Eng. Ency. of Law [1 Ed.], p. 75; King v. McCarthy, 55 N. W. Rep. 960; Hill v. Winston, 75 N. W. Rep. 1030; 1 Rice on Ev., sec. 214.    (2)    The plaintiff was engaged with said Warner & Collins in a scheme to enable them to have a false and fictitious credit; the scheme worked; the creditor whose claim is involved in this action was deceived and misled in relation to the true situation, and on this account plaintiff is estopped to claim the stock of drugs until after this claim is paid.    Gall & Frank Co. v. Miller, 54 N. W. Rep. 443; Liddle v. Allen, 57 N. W. Rep. 603; 3 Wait's Actions and Defenses, ch. 72; Bigelow on Estoppel [3 Ed.], ch. 18; Guthrie v. Quinn, 43 Ala. 561; Davenport v. Davenport, 43 Ia. 301; Bank v. Hazard, 30 N. Y. 226; Bank v. Bank, 50 N. Y. 575; Ewart v. Nave, McCord, etc., Co., 130 Mo. 112; Ross v. Ashton, 73 Mo. App. 254.    (3)    Under the admitted facts, J. A. Collins, of the firm of Warner & Collins, owned two-thirds interest in the said drug business, which interest was worth and of the value of $1,200 or over.    He was indebted to plaintiff but $744.16, and turned over to him this entire interest, receiving therefor only this $744.16, the excess ($455.84) going to pay a debt for which he was not in any way responsible, neither the firm of Warner & Collins.    This amounted to a voluntary and fraudulent transfer of property by one largely indebted, to the prejudice of the creditor, and, therefore, the court should have given instruction 5 as requested by defendant.    Parson on Partnership [Ed. 1870], pp. 357-364 et seq.; 1 Law of Partnerships (Clement Bates), sec. 566; Roop v. Herron, 15 Neb. 73; Hundley v. Farris, 23 Am. St. Rep. 863 (note); Phelps v. McNeely, 66 Mo. 554; Reyburn v. Mitchell, 27 Am. St. Rep. 350; Ellison v. Lucas, 27 Am. St. Rep. 242; In re Edwards v. McCune, 25 S. W. Rep. 904; McDonald v. Cash & Hainds, 57

Mo. App. 537; Ewart v. Nave, McCord Merc. Co., 130 Mo. 112; Ross v. Ashton, 73 Mo. App. 254.

R. M. TUNNELL and A. W. MULLINS for respondent.

(1)   The stenographer's notes of the evidence of the absent witnesses were not competent to be read in evidence as the testimony of said witnesses.   Byrd v. Hartman, 70 Mo. App. 57; Dempsey v. Lawson, 15 Mo. App. Rep. 562.   (2) The circuit court did not err in refusing to give defendant's instruction numbered 1.   This instruction was properly refused by the court for the reason, amongst others, that there was not a particle of evidence to support it.   (3)   Warner & Collins had the lawful right to sell the drug store to the plaintiff, John R. Sevier, in payment to him of the individual notes they had respectively given him in their purchase of interests in the drug store, and although Warner owed more than Collins and his interest in the store was less, yet both of them consenting to make the sale to pay their said individual indebtedness to the plaintiff, and said sale having been so made by them for that purpose, in good faith, and for the full value of the property, was and is lawful and valid.   Grocery Co. v. McCune, 122 Mo. 426; Sexton v. Anderson, 95 Mo. 373; Reyburn v. Mitchell, 106 Mo. 365; McDonald v. Cash, 57 Mo. App. 536.

ELLISON, J.—This is an action of replevin in which plaintiff seeks to recover from the defendant a stock of drugs and medicines.   Defendant claims the goods under a writ of attachment levied by him as sheriff of Linn county and issued at the suit of J. W. Edgerly & Company against Warner & Collins, a copartnership.   Plaintiff recovered in the trial court.

It appears that formerly, in 1893, plaintiff owned the drugs and at that time sold one-third interest to Warner, plain-

STATEMENT. tiff and Warner conducting the business as partners. Afterwards plaintiff sold his remaining two-thirds interest to Collins, the business continuing thereafter as Warner & Collins. The latter became indebted to J. W. Edgerly & Company who sued them in attachment as stated. The purchase price paid to plaintiff by both Warner and Collins was partly cash and partly represented by their individual notes. These plaintiff held until shortly before this suit when the firm of Warner & Collins found themselves to be, in fact, insolvent, though continuing the business. They inventoried the stock and found it to amount to between $1,800 and $1,900. Plaintiff's note given by Warner amounted to $1,077.31 and his note given by Collins to $744.16, total $1,821.47. They sold the stock to plaintiff in consideration of a surrender and cancellation of these notes and he was in possession when the defendant levied the attachment writ.

Though the partnership was insolvent and plaintiff knew it, he had the right (acting in good faith) to purchase the stock paying reasonable value in the notes which were owing him by Warner and Collins. FRAUDULENT conveyances: purchasing partnership: individual debts. And the fact that Warner and Collins sold to him separately as individuals, or as a firm, receiving the separate notes of each in payment, will not affect the legality of the transfer. Grocery Co. v. McCune, 122 Mo. 426; Sexton v. Anderson, 95 Mo. 373; McDonald v. Cash, 57 Mo. App. 536; Tennant v. McKean, 46 Mo. App. 486; Norris v. Rumsey, 54 Mo. App. 143.

But it is contended that the conveyance by Warner & Collins to plaintiff was, so far as Collins is concerned, a voluntary conveyance and void under the statute. It is said to be voluntary from the fact that Collins' interest in the goods was

Sevier v. Allen.

$1,200 and his individual debt to plaintiff was only $744.16, thus leaving as defendant claims, a clear donation by Collins of $455.84. The case of Ellison v. Lucas, 87 Georgia, 223, presented a similar feature and it supports defendant's claim. The rule stated in that case and in Bates on Partnership, sections 565 to 569, amounts to this: Unless each partner receives a fair consideration the conveyance is voluntary, at least as to the one not receiving a consideration. If that was the law, the rule allowing a partnership to pay the individual debt of one of the partners could never find application except where all the partners had individual debts substantially equal to their interest in the partnership property conveyed. It seems to me that the difficulty with the proposition maintained by those and other like authorities is in considering that the conveyance of such partner is without consideration and therefore voluntary. It is true the conveying partner may not directly receive a consideration, but the purchaser pays a consideration by surrendering and cancelling his debt against the other individual partner. So when a partnership pays the individual debt of one of its members, the consideration is the cancellation of the creditor's debt and is therefore not voluntary. The rule referred to is in conflict with all the authorities supporting the view that a partnership may convey the partnership property in payment of the individual debt of one of them, and hence can not be countenanced in this state.

It is shown that there had been two mistrials of the cause. That at a former trial, one Corthon was a witness and not being present at the last trial, his evidence as purported to have been taken by the court stenographer was offered. It was objected to and excluded. Defendant's abstract sets out the evidence which is claimed to have been contained in the stenographer's notes. But plaintiff challenges the correctness of this and we find by turning to

*[margin note: ——: voluntary as to one member of a partnership.]*

*[margin note: Appellate practice: evidence: stenographer's notes of absent witness' testimony.]*

the bill of exceptions that it does not embrace the testimony. We are therefore not called upon to say whether it was proper to be received as relevant to the cause. Besides it seems it was not otherwise competent under our ruling in Byrd v. Hartman, 70 Mo. App. 57.

It appears that plaintiff's notes were originally secured by a chattel mortgage and that some time afterwards, he without receiving payment of the notes released the mortgage on the records in the recorder's office. Defendant charges that this was a part of a scheme to give Warner & Collins a false credit and that the attaching creditors were thereby induced to allow them to contract the indebtedness sued on. This was denied by plaintiff and the issue was fairly submitted to the jury on instructions and the verdict concludes defendant.

FRAUDULENT conveyances: release of mortgage: false credit: jury finding.

We have not found any error in the record affecting defendant's rights in the controversy and must therefore affirm the judgment. All concur.