BENJAMIN F. FUNK et al., Respondents, v. THOMAS J. SEEHORN, Administrator, etc., et al., Appellants.

Kansas City Court of Appeals, April 27, 1903.

1. **Co-Tenancy:** CONTRIBUTION: LIEN OF CO-TENANT FOR BETTERMENTS: PURCHASE PRICE: SUBROGATION. A confidential relationship arising from community of interest exists between co-tenants, and a co-tenant can not deal with the common property in violation of such relationship and is entitled for advances he has made for the betterment of the common estate to contribution and a lien for the enforcement of the same on the interests of his co-tenants; and so a co-tenant paying the purchase price of the property or more than his part thereof, thereby securing joint title for all the tenants, is entitled upon an application for a separation of the interest to a lien on the interests of his co-tenants whose part of the purchase price he has paid. This doctrine is not at all dependent upon the doctrine of subrogation.

2. ———: ———: ———: ———: ———. It is immaterial whether the tenant pays the purchase price direct or pays some security that his co-tenant may have given for the purchase price; his right to contribution and to a lien to enforce the same is the same, and

this right is not derivative, working itself out through some anterior right, but arises between co-tenants independently, having its support in equitable considerations.

3. ——: ——: JUDGMENT LIEN. A co-tenant's lien for betterment or the payment of the purchase price is not a vendor's lien nor a secret lien, and all persons are presumed to know the law; and though another becomes a subsequent creditor of one of several tenants in common, he becomes such with the knowledge that his debtor's title is subject to the equitable claims of his co-tenants; and so a judgment creditor of a co-tenant holds his judgment lien subject to the lien of the other co-tenants for the betterment of the common estate.

4. ——: ——: LIEN FOR BETTERMENTS: PROBATE JUDGMENTS: BAR. The fact that one tenant in common has taken a judgment against the estate of his deceased co-tenant, in the probate court, will not bar him when a suit for the partition of the common property is instituted from seeking to enforce his judgment debt against the interest of the estate in the common property.

5. ——: ——: ——: SEVERAL TRACTS. Where the co-tenants keep no separate account of the money laid out upon each tract, the tenant advancing more than his share for the purchase price or betterment will not be confined in his lien to any particular piece of the common property.

6. ——: ——: ——: LACHES. The circumstances of this case are held to show no laches on the part of the plaintiffs.

7. Jurisdiction: CONSTITUTION: TITLE TO REAL ESTATE. SMITH, P. J., in a separate opinion, doubting the jurisdiction of the court, withholds any opinion in respect to the questions raised by the appeal.

Appeal from Jackson Circuit Court.—*Hon. J. W. Henry*, Judge.

AFFIRMED.

*Grant I. Rosenzweig* and *Edwy Logan Reeves* for appellant.

(1)   Secret liens, etc.   Bagley v. Greenleaf, 7 Wheat. 46; Adams v. Buchanan, 49 Mo. 64.   (2)   Deed withheld and burden of proof.   Lyons v. Bank, 29 Fed. Rep. 566; Standard v. Guenther, 67 Wis. 101; Sayer v. Guenther, 73 Wis. 356; Central v. Doran, 109 Mo. 40; State v. Freame, 112 Mo. 502; Bank v. Buck, 123 Mo.

141; Williams v. Kirk, 68 Mo. App. 457; Sauerwine v. Champagne, 68 Mo. App. 32. (3) Unwritten liens. 3 Pom. Eq. Juris., sec. 1253; Green v. DeMoss, 10 Humph. 371; Cowley v. McLaughlin, 141 Mass. 181; 2 Washburn Real Prop., 506; Johnson v. Cawthorn, 1 Dev. and Bates Eq., 32; Dawson v. Gerard, 27 Minn. 411; Webb v. Robinson, 14 Ga. 216; Allen v. Loving, 34 Ia. 499; Cook v. Banker, 50 N. Y. 655; Hulett v. Whipple, 58 Barb. 224; Roberts v. Rose, 2 Humph. 145; Ganngs v. Chester, 5 Yerg. 205; Uhler v. Sample, 20 N. J. Eq. 288; Coffin v. Ray, 1 Metc. 212; Porter v. Dubuque, 20 Ia. 440. (4) Probate judgments. Jamison v. Wickham, 67 Mo. App. 578; Munday v. Deeper, 120 Mo. 417; Branford v. Woolf, 103 Mo. 391; State v. Cornice, 62 Mo. App. 569. (5) Merger. Cookson v. Railway, 74 Mo. 477; Hall v. Winchell, 38 Vt. 588; Am. and Eng. Ency. Law, title, "Merger," pages 336 and 341. (6) Third party advancing money to pay off mortgages under agreement or otherwise. Grady v. O'Reilly, 116 Mo. 346; Kleinman v. Greslina, 114 Mo. 437; Peal v. Harvey, 70 Mo. 160. (7) Courts do not erect securities which parties neglect to erect for themselves, even where prima facie equities are stronger than in case at bar. Hoyt v. Story, 3 Barb. 262; Stewart v. Flowers, 44 Miss. 513; Price v. Cutts, 29 Ga. 142; Van Schine v. Goodwin, 42 Mo. App. 39; Chamberlain v. Platz, 1 Mo. App. 183; Printup v. Barnett, 43 Ga. 407. (8) Rights of co-tenants and subrogation. Jones on Liens, secs. 1156 and 1157; Am. and Eng. Ency. Law, title, "Subrogation," pages 234, 236 and 237; Price v. Courtney, 87 Mo. 395. (9) Taxes on undivided shares. Sec. 7612, R. S. 1899; K. C. Charter, art. 5, sec. 14, p. 75; Preston v. Wright, 81 Me. 306. (10) Renewals, etc., as non-reliance on liens. Taylor v. Baldwin, 10 Barb. 626; Walsh v. McBride, 72 Md. 45. (11) Character of proof. Hitchcock v. Baughan, 36 Mo. App. 220; Am. and Eng. Ency. Law, "Equitable Mortgages," sec. 6, p. 67; Kramer v. McCaughey, 11 Mo. App. 426;

Allen v. Withrew, 110 U. S. 119; Cotton v. Goit, 30 S. W. 281. (12) Laches. Goodnow v. Goodnow, 140 Mo. 206.

*Gage, Ladd & Small* for respondents.

(1) Schultz now claims to be a judgment creditor by virtue of the allowance in his favor in the probate court of Jackson county. But it is not the law of Missouri that a judgment creditor is a purchaser. And an undisclosed vendor's lien will be upheld as against every person except only a purchaser of the land without notice of the lien, and such purchaser must have bought the property and have a deed for it, or must have advanced money and taken the land for his security. His possession of a judgment falls far short of giving him the necessary vantage ground of a purchaser for value. (2) It is no defense to this proceeding that the plaintiffs had obtained an allowance of their claim against Tryner's estate in the probate court of McLean county, Illinois. Thornton v. Pigg, 24 Mo. 249; Savings Assn. v. Mastin, 61 Mo. 435; Jones on Mortgages, secs. 936, 937; Jones on Liens (2 Ed.), secs. 1098, 1116; Graves v. Coutant, 31 N. J. Eq. 763, 780; Waldrom v. Zacharie, 54 Tex. 503; Ball v. Hill, 48 Tex. 634, 640. (3) The moneys paid by plaintiffs on Tryner's account should be repaid to them out of his interest, because they were paid by them in discharge of a liability incurred by them with his assent and his request, for the purpose of raising funds wherewith to relieve from a burden, property in which they and Tryner had a common interest. Holloway v. Holloway, 97 Mo. 628; Herchenroeder v. Herchenroeder, 75 Mo. App. 283; Burnes Estate v. Ayrlawn Co., 82 Mo. App. 66; Rozier v. Griffith, 31 Mo. 171; Peck v. Williams, 113 Ind. 256; Foltz v. Wert, 103 Ind. 404; Packard v. King, 3 Col. 211; Story Eq. Juris. (12 Ed.), sec. 656b; Freeman Cotenancy and Partition, secs. 505, 512; Pomeroy's Eq.

Juris. (2 Ed.), sec. 1240; Carter v. Penn, 99 Ill. 390; Furman v. McMillian, 2 B. J. Lea (Tenn.) 121; Prentice v. Janssen, 79 N. Y. 478; Owen v. McGhee, 61 Ala. 441; Rankin v. Black, 1 Head. (Tenn.) 650; Gee v. Gee, 2 Sneed (Tenn.) 396; Hall v. Riddock, 21 N. J. Eq. 311; Danforth v. Moore, 55 N. J. Eq. 127. (4) There is no laches in the case.

ELLISON, J.—This action is founded on a petition for partition of certain real estate in Jackson county, Missouri, consisting of several distinct lots, some of which were owned in equal and some in unequal parts. The prayer of the petition is, "that the rights and interests of the parties to the suit in the real estate described be ascertained by the court and the title thereto be decreed to be vested in them respectively." The petition further prayed that a lien be declared against defendants' interests in favor of plaintiffs for purchase money and taxes paid by them in excess of their interests in the property. The judgment of the court was for partition of the property. It vested certain described parts of the property in the several parties, and it set apart dower. It also found that plaintiffs had paid out certain sums of the purchase money for the property and for taxes more than was due for their interests and it charged the other interests with a lien in plaintiff's favor for this excess. To the findings and decree the defendant Seehorn took an exception in these words: "And to each and all the foregoing findings and to each and every part of this decree, said defendant Thomas J. Seehorn, administrator, excepts." Defendant Seehorn also filed the following motion for new trial: "Now comes defendant, Thomas J. Seehorn, administrator, and prays the court to set aside its findings, judgment and decree herein and to grant new trial hereof for reasons that same are contrary to the law and the evidence. The court erred in setting aside the report and decision of the referee herein. The court

erred in the law and in the conclusions of fact. The evidence is not sufficient to sustain the judgment. All errors by the court were committed over objections and exceptions taken by Seehorn at the time." This motion being overruled he excepted and appealed to this court.

When the cause came up for hearing in this court we entertained no doubt that it was not within our jurisdiction and so ordered it transferred to the Supreme Court. That court sustained a motion (joined in by both parties) to transfer back to this court. It is thus seen why we assume to entertain a case where we must either affirm or reverse a judgment which determines and vests the title to real estate. If the judgment to be rendered by this court is one of affirmance, it will be the judgment upon which the title of the different parties to the controversy will rest. If our judgment be one of reversal, then we annul and render inoperative the judgment of the circuit court upon which the title would have vested but for our interference.

Notwithstanding the record shows that defendant refused to acquiesce in the decree vesting the title to the real estate in the different parties, as well as to charging the lien for advances made by plaintiffs, and notwithstanding that he excepted "to each and all the findings, and to each and every part of the decree," and although the motion for new trial set up "that the judgment and decree are contrary to the law and the evidence," and that the court "erred in the law and conclusions of fact and that the evidence was not sufficient to sustain the judgment," yet the parties have stated in argument that, in fact, the only controversy between them relates to that part of the judgment charging the lien for purchase money and taxes. We, therefore, in obedience to the action of the Supreme Court, proceed to dispose of the case.

The original parties concerned in the matters out of which this controversy arose were Benjamin F. Funk,

Francis M. Funk, William Van Schoick and George A. Tryner, all living in Illinois. In 1887 and 1889 they together bought several pieces of real estate in Kansas City, the amount of the interest of each to be in proportion to the amount of the purchase money each paid. The titles to these properties were taken in the names of one or more of them, but the party in whose name a title was taken would hold it for himself and the others as were their interests as evidenced by the portion of the purchase money which each paid. There were incumbrances on these properties which were assumed as part of the purchase price, and as they became due these parties borrowed money to pay them from banks in Illinois for which they gave their joint notes. These notes were renewed from time to time; and it appears that at some of the renewals they were not signed by all the parties, but by those of them who might then be convenient. This borrowed money was not for or on account of any particular piece of the property so purchased, but was used indiscriminately as necessary to handle the different incumbrances.

Tryner died in 1890, insolvent. At his death an adjustment of accounts disclosed that each of the parties owed one-fourth of the moneys so borrowed from the banks. Thereupon, Van Schoick and the two Funks paid the notes to the banks, each furnishing one-third of the money, and in that way paying the one-fourth properly owing by Tryner. These sums, together with taxes paid by them, made Tryner a debtor to each of them, as found by the trial court, in the sum of $1,442.17.

At the time of Tryner's death he was a member of the firm of Tryner & Richardson, engaged in manufacturing cigars, and they were indebted to one Shultz in the aggregate sum of $6,043.53. This sum is made up of the balance due in dealings running through the years from 1885 to 1890. In 1893 administration of Tryner's estate was begun in Jackson county, Missouri. Thomas

Vol 99 app—38

J. Seehorn, public administrator, being put in charge, and Schultz presented to the probate court and had allowed his claim aforesaid. There was administration on Tryner's estate in Illinois and plaintiff had a claim allowed there in the probate court for the moneys so paid for Tryner.

Afterwards, in 1894, this suit was begun by the Funks and Van Schoick for partition of the real estate and for charging their payments for Tryner as a lien against the shares of his heirs in the real estate sought to be partitioned. Seehorn was made a party defendant to the suit. The trial court referred the matter to a referee who found and reported that plaintiffs were not entitled to a lien for their overpayments. On exception to the report, the trial court set it aside and rendered the judgment already set out. Van Schoick and Francis Funk having died, their heirs and administrators were made parties plaintiffs.

1. The general point relied upon for a reversal of the judgment is that the trial court erred in decreeing that plaintiffs had a lien on the common property for the moneys paid out by them for Tryner. This objection embraces several reasons which have been urged at length. One of these reasons is that plaintiffs can not be given a lien except by subrogation to some other lien existing on the property which they had discharged. With such proposition as a basis, defendant then proceeds to argue that when these plaintiffs borrowed the money with which to pay off the mortgages and applied it in their discharge, the liens of such mortgages were destroyed and there was, therefore, nothing left to which they could be subrogated when they came to pay off their notes for the borrowed money. We are, however, of the opinion that the right of plaintiffs is not dependent for support upon the doctrine of subrogation. Eliminating that theory from the case, its solution is not difficult. Plaintiffs and Tryner were tenants in common of property on which they owed for

.part of the purchase money. The principle is recognized that between such tenants there is a confidential relationship which arises, in part at least, from a community of interest. So one of them can not deal with the property in violation of this relationship. If one buys an outstanding title it enures to the benefit of his co-tenants. On the other hand, if he makes improvements, or if he discharges an incumbrance, or pays taxes or makes repairs, he has bettered the common estate and is entitled to contribution from his co-tenants. This right of contribution arises from equitable considerations. And it will always be enforced against the other tenants as a condition to partition or separation of interests. Holloway v. Holloway, 97 Mo. 628; Rozier v. Griffith, 31 Mo. 171; Hinters v. Hinters, 114 Mo. 26; Bates v. Hamilton, 144 Mo. 1.

The right to contribution from co-tenants to one who has advanced, or paid more than his portion of the purchase price, can not be distinguished from the instances just mentioned. Such right, as will appear further on, has been the subject of direct adjudication. The co-tenant who pays the purchase price of the property, or more than his part of it, secures a joint title for all the tenants in proportion to the interest of each, and when such tenants come to ask a setting apart of their interests—a separation of the relationship theretofore existing—it is no more than justice and equity that they should be required to reimburse their co-tenant as a condition to the separation; and a court of equity should make the payment made in their behalf a charge or lien on their interests.

2. But defendant dwells earnestly on the fact that the payments made by plaintiffs were not payments of the purchase price of the property. That they were merely payments of notes which they owed to the bank where they had borrowed the money. All the tenants, including Tryner, borrowed the money and gave their notes for it. It was borrowed to pay the balance of

purchase price and was so used. But when it came to a payment of the notes, the proceeds of which had paid the purchase money, the plaintiffs were compelled to pay all. We are not able to understand where there is any practical difference between paying a co-tenant's part of a joint obligation made to get money with which to pay the purchase price, and paying the purchase price direct, in the first instance. The moral and the equitable obligation on the part of the non-paying tenant is the same. The defendant's argument is here again based on subrogation. He says that when the incumbrances on this property were paid with the borrowed money, the liens of such incumbrances were discharged and that thereafter, when the borrowed money was paid, there was no lien to which subrogation could attach. We have, however, already said that the question in this case does not depend upon the subrogation of liens, either a mortgage lien or a vendor's lien. The right of a co-tenant, in the respect here considered, is not a derivative right, working itself out through some anterior right. It is a right arising between the co-tenants independently, having for its support those equitable and just considerations which good conscience suggests.

3. But defendant's objection to the decree is broad enough to cover yet other grounds. For though plaintiffs, as between them and Tryner, as co-tenants, are entitled to a lien on his share of the common property, are they so entitled as between them and another creditor whom defendant Seehorn as administrator represents? Defendant claims that the property appeared to be unincumbered; that plaintiffs allowed their lien to remain a secret lien and they should not now be permitted to assert it against him whose debts arose after the property became apparently free of liens by the payment of the mortgages. And especially should they be refused the enforcement of a secret lien against a

creditor who has had his claim reduced to judgment before any proceedings were begun to enforce the lien.

Shultz, whose interests, we may concede, are represented by defendant Seehorn, as we have stated, had an allowance of his claim in the probate court. Probate courts are courts of record. Sec. 1580, R. S. 1899. An allowance by such court of a claim against an estate is a judgment. Sec. 192, R. S. 1899. And a judgment of a court of record is a lien on the real estate of the deceased debtor. Sec. 3713, R. S. 1899. Shultz was therefore a judgment creditor of the Tryner estate. The question which arises on this situation of the respective parties is, which has the prior right: the plaintiffs, with their lien for payments on Tryner's share of the common property, or Shultz, with his lien against Tryner's interest? In behalf of Shultz two propositions are stated: First, that the equities in plaintiffs' favor are founded upon a secret lien—a lien inconsistent with the title as disclosed by the deed records—a lien in the nature of a vendor's lien which should not be allowed to prevail against a creditor without notice; especially a judgment creditor. Authorities of the highest class support this view. Adams v. Buchanan, 49 Mo. 64;. Bagley v. Greenleaf, 7 Wheat. 46; Webb v. Robinson, 14 Ga. 216; Green v. DeMoss, 10 Humph. 371, 375; Dawson v. Gerard, 27 Minn. 411, 414; 3 Pomeroy's Eq. 1253. Second, that he has an equity at least equal to plaintiff's equity, and that he has in addition, a legal right as shown by the judgment for his claim, and that where equities are equal, he who has also a legal right should prevail.

These propositions may be considered together. In our opinion, however true they may be as abstract statements of principle, they are not applicable to the case made for plaintiffs. The lien claimed by plaintiffs is not a vendor's lien, nor is it a secret lien. The two Funks, Van Schoick and Tryner were tenants in common. They did not own separate shares in the prop-

erty. Each of them was seized of the *entire* property as well as in part. As expressed in legal parlance, they held the land *"per my et per tout."* Each held an interest in the entire property as a security for the payment of equities in favor of the other which arose in connection with their common holding, such as a payment by one of more than his proportion of the purchase money. This holding was evidenced by the recorded title deeds which evidence their tenancy in common. All persons are presumed to know the law and though another becomes a subsequent creditor of one of several tenants in common, he becomes such with a knowledge that his debtor's title is subject to the equitable claims of his co-tenants.

The nature of the relations between tenants in common and between themselves and creditors of the individual tenants, is reckoned everywhere as bearing great similarity to that of a partnership. And as to the latter, it is well known that the lien of partnership creditors against the partnership assets is superior to the lien of a creditor of the individual partner.. Hundley v. Farris, 103 Mo. 78; Murrill v. Neill, 8 How. 414; Level v. Farris, 24 Mo. App. 445; Lester v. Givens, 74 Mo. App. 395. And this priority of lien in favor of the partnership creditor extends to and embraces such creditor *though he be one of the partners* seeking to maintain his claim for moneys paid out by him in behalf of the partnership. Hill v. Beach, 12 N. J. Eq. 31, 38, 39; Booher v. Perrill, 140 Ind. 529; Mendenhall v. Ben Bow, 84 N. C. 646; 1 Washburn Real Prop., sec. 902; 1 Bates on Partnership, secs. 183, 184. The rule is well and fully stated in a single paragraph in Parsons on Partnership, section 402: "While solvent partners can not prove against the joint fund to the prejudice of joint creditors, because they are liable to those creditors, they may prove against the joint fund, in competition with the several creditors, to whom they are not liable. Indeed, their rights are prior to those

of the several creditors; for those creditors can have the right of their debtor to the joint fund only after all claims upon it are satisfied, and, among these, the claims of the other partners.   On this point, it must be the general rule, applicable to all partnerships, whether they be general or confined to a particular business or a particular transaction, and, indeed, to all joint adventures and enterprises of every kind, that they must be first settled, and the mutual claims and balances of the co-partners or co-adventurers be adjusted, before the divisible surplus is ascertained; and then the right of each one is only to his share of this surplus, and the creditors of each one can reach and acquire only his right.   It follows, therefore, that the several creditors of each one will be postponed, so far as the joint assets go, not only to the joint creditors, but to the claims of the co-adventurers for balances due from their companions, arising out of the adventure.''

And so, following the principles governing the rights of partners, as just stated, it has been directly decided that the lien of one tenant in common for advances for the common property were superior to the lien of an individual creditor of the other tenant.   That the ''creditors of one tenant in common can only enforce their claims against the debtor's interest in the common estate subject to all the equitable interest of the other tenants therein.''   That, ''each holds the title as security for the adjustment of all equities as between himself and the other tenants.''   That ''a judgment creditor of one tenant in common can no more compel the other tenants to surrender the security which they hold, without regard to their equities, than could the tenant himself.''   Furman v. McMillan, 2 B. J. Lea, 121.; Peck v. Williams, 113 Ind. 256, 259; Foltz v. West, 103 Ind. 404, 411.

4.   What we have said, directly or indirectly disposes of the greater part of defendant's objections to the judgment.   He, however, further suggests that the

judgment of allowance of plaintiff's claim against Try-ner's estate in the probate court in Illinois was a merger and bars the present action. We think not. The present action is but a proceeding for the enforcement of a lien for a debt and though there has been a general judgment taken for the debt itself in another court, it does not bar the remedy for enforcement of the security. Thornton v. Pigg, 24 Mo. 249; K. C. Sav. Assn. v. Mastin, 61 Mo. 435; Jones on Mort., secs. 936-7; Jones on Liens, secs. 1098, 1116; Graves v. Coutant, 31 N. J. Eq. 763, 780; Waldrom v. Zacharie, 54 Tex. 503; Ball v. Hill, 48 Tex. 634, 640.

5. The further suggestion is made that plaintiff's lien was against each distinct piece of property for the money laid out in payment of such specific parcel. The facts disclose that the parties all considered the moneys which they borrowed to pay out on the property as a common fund to pay indiscriminately as needed on each lot. The parties themselves never kept separate accounts for each piece; and while the property consisted of several lots purchased at different times, yet the parties themselves regarded and treated them as though they were a single piece. In such circumstances we do not regard defendant's point on this head as of any moment.

The foregoing covers all points made which we deem it necessary to notice, save to say that we do not consider the circumstances show any laches on the part of plaintiffs.

We therefore affirm the judgment. All concur.

SEPARATE OPINION.

SMITH, P. J.—The statement of the case as made by Judge ELLISON renders it clear that, under the Constitution of this State—section 12, article 6—this case is wholly without our jurisdiction. I must think the order for the transfer was improvidently made. I am therefore unwilling to express an opinion in respect to the questions raised by the appeal.