————o————

KANSAS CITY SAVINGS ASSOCIATION, *et al.*, Respondents, *vs.* JNO. J. MASTIN, *et al.*, Appellants.

1. *Mortgage follows transfer of notes secured by it.*—The transfer of a note secured by mortgage carries the mortgage with it.

2. *Mortgage not forfeited by obtaining general judgment, etc.*—A mortgagee does not forfeit his right to enforce his mortgage by obtaining a general judgment on the debt, nor by delaying such enforcement till the removal of a prior encumbrance.

3. *Mortgage lien, waiver of—Equitable estoppel.*—A mortgage lien is not waived without existence of facts amounting to equitable estoppel.

*Appeal from Jackson County Special Law and Equity Court.*

*F. M. Black*, for Appellants.

I. The plaintiffs intended to, and did, at the time of these suits, abandon their mortgage, and they ought now to be allowed to renew their lien. A mortgage may be discharged or waived by the acts of the parties. (2 Hill. Mort., 513.) If the mortgagee sell the property on execution or attachment he waives his lien. (Butler vs. Miller, 1 Comst., 496–502; Kimball vs. Benning, 45 N. H., 429; Paul vs. Hay

ford, 9 Shep., 234; 2 Dessaus, 194; Anderson v. Bumgarten, 27 Mo. 80.)

II. At the time Sigemont took back the property, there was due to him seven month's rent, and of this, $2,500 and over was due before the first of the notes now in controversy became due, and for that amount, at least, he had a priority, and the mortgage being forfeited, Sigemont, being in the possession, had a right to pledge the property to defendants and they acquired all his interest, and even if it be held that plaintiffs did not waive their lien, defendants should at the least have had a priority to the extent of the $2,500 in the judgment in this cause. (See Taylor vs. Taylor, 8 Barb. 585; Wilson vs. Brannon, 27 Cal., 258; Green vs. Dingley, 11 Shep., 131.)

*W. B. Napton, Jr.,* for Respondents.

I. The transfer of the debts secured by the mortgage carried the security with it and all incidents thereto. (Potter vs. Stephens, 40 Mo., 209.)

II. The fact that a general judgment was obtained on the notes secured by the mortgage did not affect the mortgage. (Houston vs. Pigg, 24 Mo., 249.)

III. As to the question of waiver and abandonment of the lien by plaintiffs, there is no evidence to support the facts.

The agreement between the Mastins and Sigemont could not destroy the lien of plaintiffs as the assignees of the notes.

SHERWOOD, Judge, delivered the opinion of the court.

Suit for injunction and for foreclosure of chattel mortgage, brought in July, 1872. In the Spring of 1870, one Sigemont was the owner of certain hotel furniture and fixtures, which were under mortgage to one Welch for $3,600, which incumbrance was, in the Summer of 1872, removed by the payment of the debt thereby secured. While, however, the incumbrance in Welch's favor still subsisted, Sigemont, in April 1870, leased the premises to Long & Carroll for a term of five years at a yearly rental of $10,000, and sold the furniture,

etc., taking their three promissory notes for $3,000, each payable respectively, in three, six and nine months. These notes were secured by a duly executed and recorded mortgage on the personal property thus sold, and this mortgage, whose foreclosure is sought in the present action, also contained a clause referring to the lease between the parties thereto, and providing for the prompt payment of the rents therein specified. Sigemont sold these notes to plaintiffs and also, as portion of the testimony seems to show, delivered possession of the mortgage. Long & Carroll failed to meet their engagement respecting rents, and Sigemont, finally, in the Fall of 1870, paid them a consideration to quit the premises, and give him possession of the same, as well as of the personal property, etc., sold to them, and on which they had secured the three notes for $3,000. About the time of this transaction last mentioned, but before Long & Carroll had yielded possession either of the house or furniture therein, Sigemont borrowed of defendants, John J. & Thos. H. Mastin $3,524, and secured the note he gave for the same, by deed of trust to defendant Black. This deed embraced not only the personal property, mortgaged by Long & Carroll to Sigemont, but also the hotel property already under mortgage to Welch. The three months note for $3,000, executed by Long & Carroll to Sigemont, and by the latter transferred to plaintiffs, was paid without suit, and general judgments were obtained against Sigemont as endorsee on the other two notes, executed between the same parties, and portions of those notes were paid, and a portion also of the note executed to Mastin & Co. Black having advertised the personal property for sale under the power contained in the deed of trust, in order to the payment of the note made to Mastin & Co., the plaintiffs instituted this proceeding, alleging the insolvency and non-residence of Long & Carroll, and the insolvency of Sigemont, praying that the equity of redemption of the latter, in the personal property, might be foreclosed, and that Black meanwhile might be enjoined from interfering with, or selling the property under the deed of trust, and for special and general relief. A tem-

porary injunction was granted, which on final hearing was made perpetual, and the court after taking an account as to the amounts respectively due the plaintiff and the defendants, thereupon entered a decree for the sale of the property and the application of the proceeds, first to the satisfaction of the amounts due to plaintiffs, and second that due to defendants, and third, the residue, if any, to the defendant Sigemont, who did not appeal. It is wholly immaterial whether the mortgage was delivered by Sigemont on the transfer of the notes, as the transfer of the latter carried with it the former as the usual incident. Nor is it a matter of any moment that general judgments were obtained by the plaintiffs prior to resorting to steps looking to foreclosure; nor that they refrained from enforcing their lien until the incumbrance of Welch, having priority to them, was removed.

It rests altogether in the option of the mortgagee whether he will resort to one or more of the three-fold and concurrent remedies afforded by the law. (Thornton vs. Pigg, 24 Mo., 249.)

I have searched the record in vain in the endeavor to discover anything indicative of a waiver of their mortgage lien on the part of the plaintiffs. No doubt there are cases of that sort, but in all of them, as in that of Anderson vs. Bumgartner (27 Mo., 80) cited by defendants, there must exist the element of equitable estoppel—something in short which forbids the assignee from asserting his lien against innocent purchasers, misled by his representations, or by his failure to speak when he should have done so. But nothing of that kind can be laid to the charge of the plaintiffs.

We may concede that the pleadings admit that by the terms of the mortgage between Long & Carroll and Sigemont the rents of the hotel property were first to be paid, and yet it is not seen what bearing that admission can possibly have here, as by the compromise effected between Long & Carroll and Sigemont, all question as to priority of the rents over the notes transferred to plaintiffs is forever banished from consideration; since Sigemont certainly regained the property dis-

charged of claim for rent. The effect, therefore, of that compromise was to place matters in precisely the same situation as if Sigemont had never leased the hotel, but had, himself, mortgaged the property in suit to secure his own notes to plaintiffs. As the point has not been made here. any discussion as to granting an injunction to restrain the sale of personal property is regarded as unnecessary ; and besides the matter is now of no practical importance owing to the decree having properly adjusted the priorities existing between the parties litigant.

The judgment is affirmed. Judges Vories and Hough absent. The other judges concur.