KATE SUGG, Appellant, v. JOHN E. DUNCAN et al.

Division Two, December 19, 1911.

1. TITLE: Sale for Taxes: Prior Recorded Deed from Owner: Notice. It is held in this suit to quiet title under Sec. 2535, R. S. 1909, that the grantees under a deed made before suit brought against the grantor for taxes, and recorded after judgment and execution issued but before sale of the land, will prevail against the grantees from the purchaser at said sale. [Distinguishing Hilton v. Smith, 134 Mo. 499.]

2. **SALE FOR TAXES:** Prior Recorded Deed from Owner: Suit to Quiet Title: Costs: Sec. 11508, R. S. 1909.  The case of State ex rel. v. Sack, 79 Mo. 661, is distinguished from this case on the point relating to payment of costs.

Appeal from Pemiscot. Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. R. Brewer* for appellant.

Where the record owner is sued for taxes on the land and judgment is rendered against him and after this judgment is rendered a deed is filed for record from the judgment defendant to a third party and after this deed is filed for record the land is sold under the judgment, the purchaser at the sale for taxes is the owner of the land or acquires the title to it, although such deed was made before the suit for taxes was filed.  Hilton v. Smith, 134 Mo. 499; Kane v. Railroad, 112 Mo. 38; Schnitger v. Rankin, 192 Mo. 35; Land & Lumber Co. v. Bippus, 200 Mo. 688.

*C. G. Shepard* and *Duncan & Bragg* for respondents.

The purchaser at the tax sale acquired no interest in the land in question, because Sipes had parted with his interest in and to said lands many months prior to the filing of said tax suit, and the deed conveying Sipes's interest was made a matter of record eight months and twenty-one days before the date of the sale of the interest of Sipes in said land, and Sipes having previously conveyed his interest by deed properly made a matter of record, the purchaser at the tax sale took only such interest as Sipes had.  Sipes having no interest to be conveyed, the purchaser at the tax sale acquired no interest at said sale.  Davis v. Owenby, 14 Mo. 170; Stuart v. Ramsey, 196 Mo. 404;

Wilcox v. Phillips, 199 Mo. 288; Machine Works v. Bowers, 200 Mo. 231. In making sales under tax judgments the sheriff sells only the right, title, and interest of the judgment debtor, and in the case at bar the judgment debtor having parted with all interest in the land in question by deed duly made a matter of record, the purchaser at the execution sale took nothing by his deed, as he was a purchaser with notice. Vance v. Corrigan, 78 Mo. 96.

ROY, C.—This is another of the numerous suits brought to quiet title under section 2535, Revised Statutes 1909, being section 650 of the revision of 1899, amended. There was a judgment and decree for the defendants and the plaintiff has appealed.

The petition is in the ordinary form; and the answer admits that defendants claim the land, and alleges that they are the owners of the land, and pleads estoppel and laches. It is admitted that John M. Sipes is the common source of title.

We will state the facts in the derivation of the two branches of the title in chronological order. On March 30, 1889, Sipes conveyed the land by general warranty deed to Joseph A. and Lucy S. Titcomb. A tax suit was begun against Sipes as defendant and owner of the land, returnable to the September term, 1889. The record before us does not show the date of the institution of that suit, or the date of the order of publication against Sipes as a non-resident. The terms of the Pemiscot Circuit Court were then held on the second Mondays in March and September, so that it is possible, in the absence of any showing to the contrary, that the suit was begun prior to March 30, 1889, the date of the deed to the Titcombs. We cannot, however, presume that such was the case; and, for the purpose of this case, we will presume that the suit was begun after that date.

The judgment in the tax suit was rendered September 10, 1889, for $9.60 taxes. The total costs at the time of the judgment were $19.99. The execution was issued December 10, 1889, returnable to the March term, 1890. On January 9, 1890, the deed from Sipes to the Titcombs was filed for record. The sale was made under the execution on September 3, 1890, there having been no March term, 1890, of the court. The sheriff's deed to F. D. Morris was dated September 30, 1890, and acknowledged June 8, 1891, and filed for record March 20, 1894. Fred D. Morris conveyed to Kate W. Sugg by deed dated December 6, 1895, and filed for record on the same day. J. A. Titcomb and wife, Lucy S., conveyed to C. E. Bragg and J. E. Duncan, two of the defendants, by deed dated September 13, 1905, and filed for record September 13, 1905.

## OPINION.

I. The statute requires that suits to enforce the lien for taxes on land shall be brought "against the owner of the property." It says nothing about the "record owner," leaving the question of the force and effect of the deed records to be determined by the law outside of that statute.

Such being the case, the collector and the purchaser at the tax sale are governed by sections 2810 and 2811 of the Revised Statutes, which affect them with notice of recorded deeds, and protect them against the existence of an unrecorded deed in the absence of actual notice thereof on their part.

We are not called on to say what would be the effect of a deed made by the record owner after the beginning of a suit against him for the taxes. In this case the deed antedated the institution of the suit and was placed on record after the rendition of the judgment and before the sale under the execution for taxes.

Such being the case, both the collector and the purchaser at the sale under the execution were from

the time of the filing for record of the deed to the Titcombs constructively and effectively notified that the land had been conveyed to the Titcombs prior to the beginning of the suit. There is no law anywhere protecting them from such a result.

In Hannah v. Davis, 112 Mo. l. c. 607, the court said: "In Davis v. Owenby, 14 Mo. 170, this court held that a valid deed made before judgment, but afterwards recorded before sale on execution, carried title against a purchaser at the execution sale. That opinion has been so long accepted that we decline to re-examine the rule it states. [Parks v. Bank, 97 Mo. 133.] By an attachment no greater estates or interests in land are reached than by a judgment. So that plaintiff's position is not improved by reason of their attachment lien, they having received notice of all the facts above stated, affecting the rights of Mills before the execution sale at which they purchased his interest in the land."

In Davis v. Owenby it was vain to urge that the creditor, by reason of the fact that the debtor appeared by the records to be the owner, was misled into the expenses of suit in order to recover his money, and that such loss was occasioned by the holder of the unrecorded deed. So in Hannah v. Davis, the fact that the attaching creditor was put to the trouble, expense and hazard of the attachment by reason of the deed being unrecorded, did not alter the case. It was clearly held in both those cases that the recording of the deed from the record owner prior to the sale uprooted every right of the purchasers. As no reason in those cases could be found for upholding the sheriff's deeds, much less can a reason be found in cases of sale for taxes. In such suits the plaintiff is put to no expense. He is not liable for costs or attorney's fees. The only result of having the tax suit come to naught by the filing of a deed from the record owner

made prior to the institution of the suit, is that suit will have to be brought against the grantee under that deed.

Under our registry laws the constructive notice resulting from the record of a deed has the same effect as the actual notice of an unrecorded deed; yet, in Stuart v. Ramsey, 196 Mo. 404, it was held that the grantee under an unrecorded deed would hold as against the purchaser at a sale under execution for taxes who purchased with notice of the unrecorded deed. We have not overlooked the fact that in that case the collector had notice prior to the institution of the suit that there was such unrecorded deed. But that does not change the result.

The conclusion necessarily follows that the recording of the deed to the Titcombs prior to the sale for taxes was sufficient to entitle the grantee in such deed to hold the title as against the purchaser at the tax sale.

LAMM, J., in Harrison Machine Works v. Bowers, 200 Mo. 219, collected the authorities on this subject, and clearly showed the pathway along which one must travel to the proper conclusion, at the same time saying: "But it is not necessary for us to decide that question in this case, and we suggest it, but leave it open."

We are of the opinion that the title under the deed to the Titcombs must and does prevail over that under the sheriff's deed under the execution for taxes.

II. Our attention has been called to State ex rel. v. Sack, 79 Mo. 661, in which it was held that where a suit is brought against the record owner and the true owner is afterwards made a party and seeks to redeem the land from the taxes he must pay all the costs, including those incurred prior to his being made a party. That case, so far as that point is concerned, has never been cited in any other case. That case was not

a collateral attack on the tax deed as here. The facts as to the validity of the assessment and levy of the tax were in issue. But such is not the case here. As against the holders under the conveyance to the Titcombs, the validity of those taxes has never been adjudicated. Besides, those taxes were in effect paid by F. D. Morris, the purchaser at the tax sale; and there was at that time no law transferring to his grantee his right of action for the refunding of the taxes. The act of March 6, 1903 (Sec. 11508, R. S. 1909), was long after the sale for taxes in this case, and was held in an opinion by Judge VALLIANT (Haarstick v. Gabriel, 200 Mo. l. c. 245) not to apply to tax sales made prior thereto.

III. Appellant's counsel have insisted that this case is controlled by Hilton v. Smith, 134 Mo. 499. In that case it was held that the person who claimed against the title under the sheriff's deed under execution for taxes held no title legal or equitable at the institution of the suit. .He merely held some certificates of purchase at tax sales under the revenue laws of 1872. The court said: "In the absence of provisions defining the rights of the holder of a certificate of purchase, the generally accepted rule is that until the delivery of a deed he takes no title to the land either legal or equitable."

The judgment is affirmed. *Bond, C.* (sitting in Division Two when this case was argued), concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is hereby adopted as the opinion of the court, all the judges concurring.