EDWIN J. BOLAND AND MINNIE MAE BOLAND, HIS WIFE, APPELLANTS, V.
KIRKWOOD TRUST COMPANY, A CORPORATION, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed November 8, 1927.

**Title—Execution Sale—Prior Recorded Deed from Owner—Defeats Title
Acquired at Execution Sale.** Under sections 2199 and 2200, Revised Statutes
1919, a title obtained by deed prior to any judgment lien or levy, the deed
being recorded before execution sale pursuant to the judgment or levy, will
defeat a title acquired at such execution sale.

*Corpus Juris-Cyc. References: Executions, 23CJ, p. 762, n. 94.

Appeal from the Circuit Court of St. Louis County.—Hon. John
W. McElhinney, Judge.

AFFIRMED AND REMANDED.

*E. McD. Stevens* and *J. H. Haley* for appellants.

*Robert C. Powell* for respondent.

(1) The Bolands, discovering, as they say, that a mistake had
been made in not including the name of Minnie Mae Boland, sought
correction of the deed so as to include that name and cannot now
complain of compliance with that request, particularly as they made
no showing whatever that the person they asked to and who did
actually make the change, addition or correction, did so without
authority from the grantor who signed the deed. (2) A title ob-
tained by deed prior to any judgment lien or levy, the deed being
recorded before execution sale pursuant to the judgment or levy,
would be good as against a deed under the execution sale, and had
the Bolands recorded their corrected deed before execution sale, if
any had occurred, instead of paying off the judgment under which
execution was being run against their property, their title would have
been paramount to and good as against any purchaser under execu-
tion sale, had such execution sale occurred. Secs. 2199 and 2200,
R. S. 1919; Sugg v. Duncan, 238 Mo. 422; Harrison Machine Works
v. Bowers, 200 Mo. 219. (3) Or, stated in another way, "an unre-
corded deed will defeat a title acquired through an execution sale, if
such deed be recorded before such sale takes place." Davis v. Owenby,
14 Mo. 171; Valentine v. Havener, 20 Mo. 134; Stillwell v. McDonald,
39 Mo. 283; Hord v. Harlan, 143 Mo. 469; Authorities cited under
point 2.

NIPPER, J.—This action arose in the Circuit Court of St. Louis County, and was the result of the following incidents:

Edwin J. Boland upon December 20, 1919, contracted with M. L. Wilson, Secretary and Treasurer of the Kirkwood Trust Company for the purchase of certain real estate in Kirkwood. The real estate was to be used as a home for Boland and his wife, and was to be paid for in monthly installments of $25 each. The payments extended over a period of six years, and were completed in October, 1926. In January, 1920, the property was conveyed to Boland. Boland and his wife in turn gave a deed of trust thereon. The deed was executed by Frank L. Wilson as grantor. The deed of trust was made to the Kirkwood Trust Company as trustee and Frank L. Wilson as beneficiary. The deed was sent through the mail to Boland by M. L. Wilson, Secretary and Treasurer of the Trust Company. When the deed was received by Boland he noticed that he was the sole grantee. Either he or his wife took it back and told the Secretary and Treasurer of the Trust Company that they wanted the deed made jointly, in the name of husband and wife. He was told that it was an oversight, and that it would cost $2.50 to have it recorded. The $2.50 was paid with the assurance that it would be recorded in both their names. Some three or fours months later Mrs. Boland went to the offices of the Trust Company where Wilson worked, secured the deed and took it home.

According to the testimony of the grantor's brother, the deed was brought to him by Boland's wife and he wrote in the words, "and Minnie Mae Boland his wife." This deed was not recorded at that time. Frank L. Wilson, the grantor in the deed, was a brother of the other Wilson. Mrs. Boland finally got the deed back and testified that she was assured that it was recorded in their joint names, although, in fact, it had never been recorded. Subsequently, Boland's brother obtained a judgment against him for $1104.93; his wife not being a party to the suit. When Boland noticed that his property was advertised for sale, he secured the money satisfied the judgment and had the deed recorded. Afterwards, Boland and his wife brought suit against the Kirkwood Trust Company for $1500, in which they allege that the Kirkwood Trust Company was to record the deed so that the title might be vested in plaintiffs as tenants by the entirety, but that defendant carelessly and negligently failed to make said deed to plaintiffs, and omitted the name of Boland's wife and caused the same to be placed on record, so that the property vested in Edwin J. Boland alone.

There was a trial, and judgment for plaintiff in the sum of $1500. The court sustained a motion for a new trial, and in doing so, handed down the following memorandum opinion, which we here set out:

"The injury of which plaintiffs complain resulted from the failure of defendant to record a deed to them corrected so as to show con-

veyance of the real estate to them as tenants by entirety. The deed as corrected was received and held by plaintiffs without being re-recorded. After several years a creditor of the plaintiff, Edwin J. Boland obtained a judgment against him, sued out execution and levied upon and was about to sell the real estate conveyed by the deed as the property of Edwin J. Boland. To avoid the result of a sale, plaintiffs paid the judgment debt and satisfied the execution and the property was thereupon released. Such is the case as alleged in the petition, presented by the evidence and submitted in the first instruction, given at request of plaintiffs.

"It is true, that if a sale under execution has been made before the deed was recorded, a purchaser for value without notice of the un-recorded deed would have taken a good title and plaintiffs would have lost their estate by entirety. But the plaintiffs were advised of the failure to record the deed before the time set for the execution sale; and by recording their deed before that time or by giving notice at the sale, they would have preserved their rights under the deed as corrected, and have prevented any loss of the property.

"A title obtained by deed prior to any judgment lien or levy, the deed being recorded before execution sale pursuant to the judgment or levy, would be good as against a deed under the execution sale. [1 Rev. Stat., secs. 2199, 2200, note top p. 889 citing cases; Sugg v. Duncan, 238 Mo. 422, 426; Harrison Machine Works v. Bowers, 200 Mo. 219, 231.]

"Plaintiffs were not entitled to recover the damages authorized in instruction No. 1.

"For error in giving instruction No. 1 motion for new trial sustained."

From the order granting defendant a new trial plaintiffs appealed.

The trial court was correct in its reasons given for granting a new trial, because a deed recorded before an execution sale will defeat a title acquired at such sale as shown by the authorities cited by the trial judge. Appellants, however, take the position that the corrected deed did not legally create an estate by the entirety be-cause the changing of the original deed was not done by and with the consent of all the parties to the original deed. We do not think appellants' position in this respect is tenable. The change was made to conform with the intention of the parties to the original deed. Such change was made at the request of appellants, and was made by the grantor's brother, who was, evidently, acting for the grantor. At least, there is nothing in the record to indicate that any fraud was practiced, or any change made except that which was made by and with the consent and acquiescence of all parties concerned.

This being true, the trial court was clearly right in granting de-fendant a new trial, and the reasons given therefor are right. Ac-cordingly, the judgment of the trial court is affirmed and the cause remanded. *Daues, P. J.,* and *Becker, J.,* concur.